IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHELE M. ROBERTS, and other Sovereigns of the State [Texas} and resident foreigners similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>STATE OF TEXAS; GREG ABBOTT, Governor of the State of Texas; JOHN STEEN, Secretary of State of the State of Texas; ALL OTHER OFFICIALS ACTING UNDER COLOR OF STATE LAW,<br><br>          Defendants. | Civ. No. 16-00013 HG-KSC |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 10) WITH PREJUDICE**

Plaintiff Michele M. Roberts has filed a Complaint against the State of Texas, its Governor, its Secretary of State, and all other officials acting under color of state law pursuant to 42 U.S.C. § 1983.  Plaintiff states that her Complaint is brought on behalf of herself and other similarly situated individuals. Plaintiff has not moved for class certification.

Plaintiff claims the Defendants violated her constitutional rights and the rights of others because the Defendants have enforced Texas statutes and codes "without authenticating said publication of laws" and "omitting the official seal of the State

1

of Texas."

Plaintiff requests that the federal court review a decision of the Court of Appeals of Texas, which found Texas statutes and codes do not require authentication by the Texas Secretary of State.

The Court construes Plaintiff's pleading liberally as she is proceeding pro se.  The Complaint, however, is difficult to decipher and portions are unintelligible.

Defendants move to dismiss Plaintiff's Complaint on numerous grounds, including lack of subject-matter jurisdiction.

The Court finds that it lacks subject-matter jurisdiction over Plaintiff's Complaint, as her claims are barred by the Rooker-Feldman doctrine.  In addition, Plaintiff does not have standing to bring the Complaint.

Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On January 13, 2016, Plaintiff filed a Complaint.  (ECF No. 1).

On March 23, 2016, Defendants filed DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 12(B)(2) AND 12(B)(6).  (ECF No. 10).

2

On March 24, 2016, the Court issued a briefing schedule indicating Plaintiff was to file her Opposition to Defendants' Motion to Dismiss by April 13, 2016.  (ECF No. 14).

Plaintiff did not file an Opposition to Defendants' Motion to Dismiss.

The Court elected to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

## STANDARD OF REVIEW

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist.  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy.  Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction.  Id.  A facial challenge, therefore, mirrors a

3

traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## ANALYSIS

The Court construes Plaintiff's pleadings liberally because she is proceeding pro se. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

## I.   The Court is Without Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, federal district courts lack subject-matter jurisdiction to exercise appellate review over final state court judgments. Henrichs v. Valley View Development, 474 F.3d 609, 613 (9th Cir. 2007) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983)).

The Rooker-Feldman doctrine bars any suit in federal court that seeks to disrupt or undo a prior state court judgment.

4

Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003).

A complaint challenging a state court's factual or legal conclusion constitutes a forbidden de facto appeal under Rooker-Feldman.  Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005).  The Rooker-Feldman doctrine applies if the plaintiff's claim is inextricably intertwined with the state court judgment.  Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012).

The entire basis of Plaintiff's Complaint is that she believes that the statutes and codes of the State of Texas are invalid because they have been published since 1978 as follows:

> without authenticating said publication of the laws; nor ensuring the "enactment clause" was contained within the volumes of said publications; as well as omitting the official seal of the State of Texas requiring it be affixed to each individual volume of law as published, all in violation of the constitutional mandates of Article 3, §29; §36; §43; and Article 4, §21 of the Texas Constitution, to include Texas Gov't Code §405.017(1).

(Complaint at pp. 3, 7, ECF No. 1).

Plaintiff requests that the federal District Court overturn the decision of the Court of Appeals of Texas in Murphy v. State of Texas, 95 S.W.3d 317, 321 (Tex. App. 2002).  (Complaint at p. 8, ECF No. 1).

In Murphy, the Court of Appeals of Texas held that there is no requirement for Texas statutes, such as the Penal Code, to be authenticated by the Secretary of State.  Murphy, 95 S.W.3d at

321.  The appellate court explained that "Texas does not publish
an official set of its laws similar to the <u>United States Code</u>.
For this reason, the secretary of state no longer certifies the
contents of the unofficial annotated statutes and codes published
by the West Group."  <u>Id.</u> at 321 n.4.

The District Court is barred from reviewing Plaintiff's
Complaint pursuant to the <u>Rooker-Feldman</u> doctrine.  Ruling in
favor of Plaintiff's Complaint would effectively reverse the
<u>Murphy</u> decision from the Court of Appeals of Texas.  <u>Cooper</u>, 704
F.3d at 781-82 (barring review of the plaintiff's Section 1983
claims because they were inextricably intertwined with a state
court judgment because "the relief requested in the federal
action would effectively reverse the state court decision or void
its ruling.")

## II.  The Court is Without Subject-Matter Jurisdiction Because Plaintiff Does Not Have Standing

In the alternative, Plaintiff's Complaint is dismissed for
lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).

A defendant may challenge a plaintiff's standing in a motion
to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)
for lack of subject-matter jurisdiction.  <u>White v. Lee</u>, 227 F.3d
1214, 1242 (9th Cir. 2000).

The standing doctrine eliminates claims that fail to create
a case or controversy as required pursuant to Article III of the

United States Constitution.  U.S. Const. Art. 3, § 2, cl. 1;

Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009); Cetacean

Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).  Standing is

a jurisdictional requirement that precedes analysis of the merits

of the claim.  Krottner v. Starbucks Corp., 628 F.3d 1139, 1141

(9th Cir. 2010).

The party seeking to invoke the jurisdiction of the federal

courts has the burden of alleging specific facts to satisfy the

three elements of constitutional standing.  Schmier v. U.S. Court

of Appeals for the Ninth Cir., 279 F.3d 817, 821 (9th Cir. 2002).

The plaintiff must establish:

(1)  a legally recognized injury in fact,

(2)  caused by the named defendant,

(3)  that is capable of legal or equitable redress.

Krottner, 628 F.3d at 1141.

An injury in fact is an invasion of a legally protected

interest which is concrete and particularized, as well as being

actual or imminent.  Lujan v. Defenders of Wildlife, 504 U.S.

555, 560 (1992).

Plaintiff asserts in her Complaint that she and others

residing in the State of Texas "have all been taxed, levied;

fined; charged, etc., without authority of law, as all the laws

of the State of Texas are a nullity of law and void ab initio."

(Complaint at p. 12, ECF No. 1).  Plaintiff also states that

other individuals have been subject to arrest, convictions, and executions.  (Id. at p. 17).

Plaintiff has not asserted any particularized injury that she has suffered.  The plaintiff must have sustained a "concrete" injury that is distinct and palpable, and not merely abstract. Whitmore v. Arkansas, 495 U.S. 149, 155 (1990).  The Complaint does not provide allegations as to any particular tax, fine, or arrest visited upon Plaintiff.

Plaintiff's Complaint does not provide any facts to establish a particularized injury to any other individuals for which Plaintiff might have standing to bring a claim.  O'Shea v. Littleton, 414 U.S. 488, 493-96 (1974).

A litigant raising only a general grievance about the government in the application of its laws has not alleged an injury in fact and does not have Article III standing. Hollingsworth v. Perry, 133 S.Ct. 2652, 2662-63 (2013).

Allegations of possible future injury are not sufficient to confer standing.  Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138, 1147 (2013); City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983).

Plaintiff has not demonstrated that she suffered an injury in fact that is traceable to the defendant's conduct that will likely be redressed by a favorable decision.  Lujan, 504 U.S. at 560-61.

Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction (ECF No. 10) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

Amendment is not permitted as granting leave to amend would be futile in light of the Rooker-Feldman doctrine and Plaintiff's lack of standing.  Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011); Read v. de Bellefeuille, 577 Fed. Appx. 647, 647-48 (9th Cir. 2014) (citing Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)).

## CONCLUSION

DEFENDANTS' MOTION TO DISMISS (ECF No. 10) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

//

//

//

//

The Clerk of the Court is ordered to close the case.


        IT IS SO ORDERED.

        DATED:    Honolulu, Hawaii, May 9, 2016.




_____
Helen Gillmor
United States District Judge


<u>Michele M. Roberts, and other Sovereigns of the State (Texas) and</u>
<u>Residents Foreigners Similarly Situated v. The State of Texas,</u>
<u>Greg Abbott, Governor of the State of Texas; John Steen,</u>
<u>Secretary of State of the State of Texas, and All Other Officials</u>
<u>Acting Under Color of State Law</u>; Civ. No. 16-00013 HG-KSC; **ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 10) WITH**
**PREJUDICE**                      10